People v Santiful

2026 NY Slip Op 03278

May 26, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

The People of the State of New York, Respondent,

v

Sean Santiful, Defendant-Appellant.

Decided and Entered: May 26, 2026

Ind No. 542/21|Appeal No. 6718|Case No. 2023-04307|

Before: Manzanet-Daniels, J.P., Friedman, Kapnick, Shulman, Higgitt, JJ.

Jenay Nurse Guilford, Center for Appellate Litigation, New York (Leanna J. Duncan of counsel), for appellant.

Darcel D. Clark, District Attorney, Bronx (Vincent Rivellese of counsel), for respondent.

[*1]

Judgment, Supreme Court, Bronx County (Margaret L. Clancy, J.), rendered August 15, 2023, convicting defendant, upon his plea of guilty, of assault in the third degree, and sentencing him to a term of probation of three years, unanimously modified, on the law, to the extent of striking the conditions of probation requiring defendant to "avoid injurious or vicious habits" and "refrain from frequenting unlawful or disreputable places" or "consort[ing] with disreputable people," requiring him to pay $250 in surcharge and fees as a condition of his probation, requiring him to "[w]ork faithfully at a suitable employment or pursue a course of study or vocational training approved by the Department of Probation that can lead to suitable employment," requiring him to submit to testing for drugs or alcohol if directed by the Department of Probation, and prohibiting him "from wearing or displaying gang paraphernalia" or "having any association with a gang or members of a gang if directed by the Department of Probation," and otherwise affirmed.

Defendant validly waived his right to appeal, which forecloses review of his claim that his sentence is excessive (see People v Thomas, 34 NY3d 545, 559 [2019], cert denied 589 US 1302 [2020]). In any event, we perceive no basis for reducing the sentence.

[*2]

Defendant's challenges to certain conditions of probation as unrelated to his rehabilitation survive his valid waiver of appeal and do not require preservation (see People v Sanders, 244 AD3d 601, 601 [2025]). The condition of probation requiring defendant to "[a]void injurious or vicious habits; refrain from frequenting unlawful or disreputable places; and . . . not consort with disreputable people" should be stricken, given the nature of defendant's crime, where he bit the finger of an emergency medical technician treating him in an ambulance. Likewise, imposition of the surcharge and fees as a condition of defendant's probation will not assist in ensuring that he leads a law-abiding life and is not reasonably related to his rehabilitation (see People v Percy, 234 AD3d 619, 620 [1st Dept 2025]). Given defendant's employment history with 12 years of part-time employment at UPS, the condition requiring him to "[w]ork faithfully at a suitable employment or pursue [an approved] course of study or vocational training" should also be stricken. Similarly, where there is no evidence that defendant was using drugs or alcohol at the time of the crime, the condition requiring him to submit to testing for drugs or alcohol is not reasonably related to his rehabilitation and should be stricken. Finally, the probation condition requiring defendant to "[r]efrain from wearing or displaying gang paraphernalia and having any association with a gang or members of a gang if directed by the Department of Probation" must be stricken because there is no evidence that defendant's actions were connected to gang activity or that he had a history of gang membership (see People v Vasquetelles, 241 AD3d 1208, 1209 [1st Dept 2025], lv denied 44 NY3d 1054 [2025]; Sanders, 244 AD3d at 602). Notably, the People do not oppose striking these challenged conditions of probation.

Defendant's discrete constitutional challenges to probation conditions 7 and 24 are unpreserved (see People v Cabrera, 41 NY3d 35, 42-51 [2023]), and we decline to review them in the interest of justice. To the extent that his challenges are as-applied challenges, his claims were waived by his valid appeal waiver (see People v Thompson, 245 AD3d 609, 610 [2026]).

THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.

ENTERED: May 26, 2026